IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| REV. JESSE G. ANDERSON, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
|  | : | NO. 7:06-CV-42(HL) |
| District Attorney PAUL BOWDEN and Sheriff GARY VOWELL, | : | |
| Defendants | : | **O R D E R** |

Plaintiff **REV. JESSE G. ANDERSON, JR.**, a pretrial detainee at the Tift County Jail in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. BACKGROUND

Plaintiff names as defendants in this action Tift County District Attorney Paul Bowden and Sheriff Gary Vowell. Plaintiff's complaint is very confusing, but he appears to allege that defendants falsely arrested him. Apparently plaintiff was arrested when he submitted a plea for a bond hearing on behalf of another individual. Plaintiff seeks various forms of relief, including damages.

## II. ORDER TO SUPPLEMENT

Upon review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his claims can be made. Accordingly, plaintiff is instructed to supplement his complaint to explain in precise detail:

(1) on what date he was wrongfully arrested;

(2) what were the exact charges upon which plaintiff was arrested;

(3) on what date he was released from custody following the arrest;

(4) whether the charges from the alleged false arrest are still pending or there has been a final disposition of the charges (*e.g.*, acquittal);

(5) if the charges against plaintiff have been disposed of, what was the result;

(6) on what charge(s) plaintiff is currently confined; and

(7) why each defendant should be liable to him for damages.

If he is able to do so, plaintiff is requested to provide this Court with copies of all court filings and proceedings relating to the charges for which he was arrested.

Plaintiff shall have thirty (30) days from his receipt of this order to submit a supplemental complaint, limited to these claims only.  No other claims will be considered.  His failure to comply with this order may result in the dismissal of all or portions of his complaint.  There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 15th day of June, 2006.

        */s/ Richard L. Hodge*
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE