IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

REV. JESSE G. ANDERSON, JR., :
:
         Plaintiff :
:
VS. :
: NO. 7:06-CV-42(HL)
District Attorney PAUL BOWDEN and :
Sheriff GARY VOWELL, :
:
         Defendants : **O R D E R**

Plaintiff **REV. JESSE G. ANDERSON, JR.**, an inmate at the Tift County Jail in Tifton, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff supplemented his complaint on June 23, 2006 (Tab # 6).

*I. STANDARD OF REVIEW*

    *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that the defendants, Tift County District Attorney Paul Bowden and Sheriff Gary Vowell, wrongfully plaintiff arrested on February 24, 2006, for the unauthorized practice of law under O.C.G.A. § 15-19-51. According to plaintiff, he was acting as a "power of attorney" when he submitted a plea for a bond hearing on behalf of another individual, apparently a parishioner at plaintiff's church. The charges against plaintiff remain pending in the state court and trial has been set for August 7, 2006.

## III. DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise the constitutional issue. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982).

Applying the above principles, the Court finds that abstention is appropriate: (1) plaintiff's criminal prosecution is ongoing; (2) the criminal prosecution involves important state interests; and (3) plaintiff has failed to allege that he cannot assert any constitutional claims in the state proceeding. In light of the foregoing, plaintiff's claims against the defendants must be dismissed without prejudice to plaintiff's refiling a new complaint after the completion of the state proceedings.

To the extent that plaintiff seeks dismissal of the charges brought against him and release from prison, plaintiff's exclusive remedy is to file a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Rice v. Baker*, 2006 WL 1410186 (11th Cir. May 23, 2006). Plaintiff must exhaust his state remedies before seeking federal habeas relief.

## IV.  CONCLUSION

Accordingly, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 26th day of June, 2006.

                                                **s/   Hugh Lawson**
                                                HUGH LAWSON
                                                UNITED STATES DISTRICT JUDGE

cr